No. 12,417.

MARION B. MONROE vs. H. WESTON LUMBER COMPANY, J. J. CLARK, J. A. BLAFFER & SON, AND FERDINAND HINDERER, IN SOLIDO.

A petition which recites and avers that, in certain proceedings, pleadings and printed briefs, in a certain suit depending in a court of justice, which the parties thereto caused and directed their attorney at law to prepare and file, are certain libelous and slanderous statements, discloses a cause of action.

Monroe vs. Lumber Co. et als.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*A. B. Philips* and *Albert Voorhies* for Plaintiff, Appellant.

*Edwin T. Merrick* and *J. J. McLoughlin* for Defendants, Appellees.

Argued and submitted March 17, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by
WATKINS, J.  This is an action for ten thousand dollars for slander and libel brought against the H. Weston Lumber Company, a private corporation, and several individuals *in solido*.  The claim is founded upon the charge that said defendants conspired and confederated together in the matter of the suit of Marion B. Monroe vs. His Creditors, No. 42,011, on the Civil District Court docket, to prosecute the petitioner on a charge of fraud in order to defeat his discharge; and that, among other things, they falsely charged him with fraud in concealing his commercial books and knowingly omitting property from his schedule.

The plaintiff avers "that said proceedings were malicious and without probable cause, and that same were aggressively and maliciously prosecuted from the date of their filing, April 10, 1894, up to the final decision of the Supreme Court on the 23d of March, 1896, in favor of your petitioner."

And he further alleges that, in the course of said proceedings, said parties maliciously slandered and libeled petitioner by verbal and *written accusations* of fraud as aforesaid in the course of the proceedings in the District Court, and more especially in the Supreme Court *in their brief filed* February 11, 1896, and in the oral argument of their counsel *acting under their instructions*, and falsely charging petitioner with the fraudulent purpose of having materials furnished him and of swindling his creditors out of their honest debts."

And further, that they maliciously slandered and libeled him by "falsely charging and publishing him with being 'certainly a rogue,'

and a ' perjurer besides.' That these charges and accusations were and are false, and were published by the defendants maliciously, they well knowing at the time that there was no truth in them."

Amongst other exceptions filed by the different defendants was that of no cause of action; and it having been maintained by the judge *a quo* and the suit dismissed, the plaintiff has appealed.

The exception is grounded upon the following provision of our statutes, namely:

" No client or person shall be held liable or responsible for any slanderous or libelous *words uttered* by his attorney at law; but attorneys shall be themselves liable and responsible for any *slanderous* or *libelous words uttered by them*." Rev. Stats., Sec. 123. (Our italics.)

And in his reasons for judgment the judge *a quo* mainly rested his decision on that statute and the decision of the court in Stockpole vs. Hennen, 6 N. S. 481; the latter preceding the statute in point of time.

The judge regarded that decision as being reflected in the subsequent act of the Legislature and consequently he thought it of more than usual importance and as possessing special significance.

The case was one brought against the defendant as a practising lawyer who, as counsel in a pending suit, had charged the plaintiff, who was examined as a *witness*, with being guilty of perjury, and of having come to court with the intention of perjuring himself; and the petition alleged that the words spoken were falsely and maliciously employed, and with the intention of injuring the plaintiff.

In that case the court said: " The best rule is, we think, to protect counsel for everything they *say* which is pertinent to the case, if they are instructed by their client to say it; and to hold them responsible for everything that is impertinent to the case whether they are instructed or not."

But, in our conception, neither that decision nor the statute cited are applicable to the present case. The false, slanderous and libelous charges of which the plaintiff complains are those contained in the pleadings, proceedings, and printed briefs filed in court and not " slanderous or libelous *words* " uttered, as expressed in the statute.

Besides this the plaintiff distinctly affirms that the alleged false, slanderous and libelous recitals and averments contained in the

pleadings, were *authorized* and directed by the defendants as clients and parties to that litigation; and that, therefore, they were primarily liable therefor.

It is our opinion that the distinction plaintiff's counsel has made is quite clear. and that our learned brother of the District Court has fallen into error in not sanctioning and maintaining same.

An illustration of this rule may be found in Randall vs. Hamilton, 45 An. 1154; Wimbish vs. Hamilton, 47 An. 246.

In our opinion, the judgment appealed from should be reversed and the suit reinstated and remanded to the lower court for trial.

The costs of appeal to be taxed against the defendants and appellees, and those of the lower court to await final judgment therein.